UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAC PARTNERS, LLC and AIROOM, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.: 1:17-cv-9156 |
| vs. | ) |
| | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, TAC Partners, LLC and Airoom, LLC, by their undersigned attorneys, for their complaint against Defendant, Westfield Insurance Company, state:

## FACTS

1. Plaintiff, TAC Partners, LLC ("TAC"), is citizens of Delaware and Illinois, being a Delaware limited liability company with its principle place of business in Lincolnwood, Illinois.

2. The members of TAC are Michael Klein, a citizen of Illinois residing in Winnetka, Illinois, and Robert Goldstein, a citizen of Illinois residing in Highland Park, Illinois,

3. Plaintiff, Airoom, LLC ("Airoom"), is a citizen of Illinois, being an Illinois limited liability company with its principle place of business in Lincolnwood, Illinois.

4. The member of Airoom is The Airoom Companies, LLC, an Illinois limited liability company with its principle place of business in Lincolnwood, Illinois.

5. The members of The Airoom Companies, LLC are Michael Klein, a citizen of Illinois residing in Winnetka, Illinois, John O'Brien, a citizen of Illinois residing in Northbrook, Illinois, and Tom Graham, a citizen of Illinois residing in Green Oaks, Illinois,

6. TAC and Airoom were and are the tenants of the commercial property located at 6825 North Lincoln Avenue in Lincolnwood, Illinois ("the Building" or "the insured premises").

7. Defendant, Westfield Insurance Company ("Westfield"), was and is an Ohio citizen, being an Ohio corporation with its principle place of business in Westfield Center, Ohio.

8. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

9. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to its claims occurred in this judicial district. Additionally, Westfield does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

10. Westfield issued to TAC and Airoom a commercial package insurance policy effective March 8, 2017 through March 8, 2018 ("the insurance policy", a copy of which is attached to this Complaint as Exhibit A).

11. Under the "Building and Personal Property Coverage Form" of the insurance policy, Westfield insured against direct physical loss to covered property caused by or resulting from a covered cause of loss.

12. The insurance policy provided also included a "Flood Coverage Schedule", which provided flood coverage at the 6825 North Lincoln Avenue location in the amount of $3,000,000 on a blanket building and business personal property basis.

13. Under the "Flood Coverage Endorsement" to the insurance policy, "flood" is added as a covered cause of loss.

14. The term "flood" is defined in the "Flood Coverage Endorsement" as "a general and temporary condition of partial or complete inundation of normally dry land areas due to… [t]he unusual or rapid accumulation or runoff of surface waters from any source."

15. On or August 3, 2017, while the insurance policy was in full force and effect, TAC and Airoom sustained direct physical loss to the interior of the Building and to their business personal property inside the Building resulting from the unusual or rapid accumulation or runoff of surface waters from rainfall at the insured premises measuring approximately 1.40 inches between 12:41 pm and 3:23 pm ("the water loss").

16. TAC and Airoom reported the water loss to Westfield.

17. Westfield disclaimed coverage for the water loss on or about October 23, 2017.

## COUNT I
### (Declaratory Relief)

18. TAC and Airoom re-allege paragraphs 1 through 17 of the Facts of the complaint as paragraph 18 of count I of the complaint.

19. An actual controversy exists between Plaintiffs and Westfield as to insurance coverage for the water loss as the preceding paragraphs demonstrate. Pursuant to 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and the liabilities of the parties hereto and to give such other and further relief as may be necessary.

WHEREFORE, Plaintiffs, TAC Partners, LLC and Airoom, LLC, pray that:

(a) this Court determine and adjudicate the rights and liabilities of the parties with respect to the insurance policy and insurance coverage for the water loss to the interior of the Building and to business personal property;

(b) this Court find and declare that the water loss is covered under the "Flood Coverage Endorsement" to the insurance policy; and

3

(c) this Court grant any additional and further relief it deems just and proper.

## COUNT II
### (Breach of Contract)

20. TAC and Airoom re-allege paragraphs 1 through 17 of the Facts of the complaint as paragraph 20 of count II of the complaint.

21. TAC and Airoom have substantially performed all conditions required by the insurance policy to be performed by them, requested of them, and/or not waived by Westfield including, but not limited to (a) paying the premium for the insurance policy, (b) giving prompt notice of the water loss to Westfield, (c) cooperating with Westfield in its investigation of the water loss and the subsequent claim, and (d) filing suit against Westfield within two years of the water loss.

22. It is Westfield's contractual duty to pay for the covered water loss sustained by TAC and Airoom, including the cost to repair/replace the damage to the interior of the Building and to business personal property.

23. Although requested to do so, Westfield has failed, refused and continues to fail and refuse to pay TAC and Airoom for all of their covered water loss, thus breaching the insurance contract.

24. This breach of the insurance contract was and is the direct and proximate cause of damage to Tac and Airoom in an amount in excess of $75,000.

25. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, TAC and Airoom are entitled to prejudgment interest.

WHEREFORE, Plaintiffs, TAC Partners, LLC and Airoom, LLC, pray for judgment in their favor and against Defendant, Westfield Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT III
**(Section 155 Relief)**

26. TAC and Airoom re-allege paragraphs 1 through 18 of count I of the complaint as paragraph 26 of count III of the complaint.

27. TAC and Airoom re-allege paragraphs 20 through 24 of count II of the complaint as paragraph 27 of count III of the complaint.

28. TAC and Airoom are entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Westfield engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) refusing to pay for all of TAC's and Airoom's water loss based on an unreasonable and erroneous interpretation of the "Flood Coverage Endorsement" to the insurance policy;

(b) unreasonably and erroneously limiting coverage for TAC's and Airoom's water loss to $50,000 based on the "Back Up of Sewers or Drains" additional coverage provision in the "Commercial Property Contractors Endorsement" to the insurance policy; even if water entered the Building from a back up, overflow, or discharge from a sewer, drain, or sump pump, this provision is superseded by the "Flood Coverage Endorsement" where, as here, the water resulted from a flood; and

(c) unreasonably and erroneously limiting coverage for TAC's and Airoom's water loss to $50,000 based on the "Back Up of Sewers or Drains" additional coverage provision in the "Commercial Property Contractors Endorsement" to the insurance policy; at a minimum, the insurance policy is ambiguous as to whether the "Back Up of Sewers or Drains" provision in the "Commercial Property Contractors Endorsement" is superseded by the "Flood Coverage Endorsement" where, as here, the water resulted from a flood, even if the water entered the Building from a back up, overflow, or discharge from a sewer, drain, or sump pump.

WHEREFORE, Plaintiffs, TAC Partners, LLC and Airoom, LLC, pray for an award of taxable costs, including reasonable attorney fees, in their favor and against Defendant, Westfield Insurance Company.

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
*Attorneys for Plaintiff*